PAUCK v. ST. LOUIS DRESSED BEEF AND PROVISION COMPANY, Appellant.

**In Banc, February 19, 1902.**

1. **Negligence:** DEFECTIVE MACHINERY: CONTRIBUTORY NEGLIGENCE: QUESTIONS FOR JURY. Whether or not the machinery being used by an employee in a dressed beef establishment, where the accident happened, was out of order at the time, and whether or not he was guilty of contributory negligence, were, under the facts in this case, questions for the consideration of the jury.

2. ———: ———: ASSUMPTION. It is again held, as on the former appeal, that the employee in this case did not assume the risk incident to the use of the machinery used by him.

3. ———: ———: NOTICE: EVIDENCE. The testimony of a witness as to the conditions of the machinery three weeks before the accident occurred, was admissible for the purpose of showing that defendant had notice of its condition.

4. ———: EXCESSIVE VERDICT: $5,000. Plaintiff, a common laborer in a dressed beef factory, about forty years old, in the best of health, was injured because defendant's machinery was defective. Both bones of one leg were broken two inches above the ankle joint, and from that time to the trial seven years afterwards he had been able to work only occasionally. The leg continued to swell and ulcerate, and as he walked produced a harsh sound called crepitation, the injury being permanent. *Held,* that there is nothing in the case to show that the verdict for $5,000 was manifestly the result of passion or prejudice.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*Given Campbell* for appellant.

(1)   The instruction asked by defendant at the close of plaintiff's case in the .nature of a demurrer to the evidence should have been given, because: The allegations of plaintiff's petition that "the switch appliances used for the purpose of connecting the side or main or straight rail gave way and failed to act properly," and the further allegation of said petition that "said switch, its rail and appliances supporting the roller, and the roller, were worn out, loose and defective," were not sustained by any proof.   Coffey v. Chapel, 2 N. Y. Supp. 648; Byrne v. Eastman Co., 27 Hun 272; District of Columbia v. Moulton, 182 U. S. 579; Warner v. Railroad, 168 U. S. 348; Hutchinson v. Reliance Realty Co., 88 Mo. App. 620.   (2) The above instruction should have been given because the evidence offered by plaintiff showed beyond controversy that he was guilty of negligence, without which he would not have been injured.   George v. St. Louis Mfg. Co., 159 Mo. 339; Morris v. Railroad, 108 Fed. 747; Relyea v. Tomahawk Pulp Co., 85 N. W. 960; Railroad v. Bradford (Ga.), 38 S. E. 882; Hurst v. Railroad, 63 S. W. 697; Hogan v. Railroad, 150 Mo. 55; Beach, Contr. Neg. sec. 58.   (3) The said instruction for nonsuit should have been given because plaintiff was well acquainted with the devices used as a switch, and knew that by their use in rolling the multitude of heavy carcasses over them the bolts would get loose, thereby interfering with the smooth operation of the switches.   He never complained to the manager of defendant company, but assisted another employee to tighten them up from time to time as they required tightening, and continued to use them until the accident, and thereby assumed the risk of their operation.   Relyea v. Tomahawk Pulp Co., supra; Powell v. Murphy (Ind.), 18 N. W. 32; Byrne v. Eastman Co., supra; Brown v. Miller, 62 S. W. 549; Beach, Cont. Neg. sec. 58; Wood, Master and Servant, sec. 791; Bailey, Pers. Injuries, sec. 640; Ham-

man v. Central Coal & Coke Co., 156 Mo. 244; Rees v. Struck, 64 S. W. 730; Price v. Railroad, 77 Mo. 508; Alcorn v. Railroad, 108 Mo. 97; Junior v. M. E. & P. Co., 127 Mo. 83; Lucey v. Oil Co., 129 Mo. 40; Nugent v. Milling Co., 131 Mo. 241; Doyle v. Railroad, 140 Mo. 18; Epperson v. Tel. Co., 155 Mo. 346; 2 Thompson on Negligence, p. 1008. (4) The verdict of the jury was against the evidence, was excessive and not warranted by the evidence; was so large, considering the injury of plaintiff, as to show passion and prejudice. McCloskey v. Pulitzer Pub. Co., 63 S. W. 100; Sawyer v. Railroad, 37 Mo. 264. (5) The first instruction given by the court at the instance of plaintiff, wherein the court instructs the jury, "And if you find that the said switch and the appliances controlling it, were worn and loose, and were, therefore, rendered defective and unsafe for use, and were liable to throw off beeves which were being pushed over said rail; and if you find that defendant or its officers knew, or by the exercise of ordinary care might have known, that said switch and appliances controlling it were defective and unsafe for use, and were liable to throw off beeves which were being pushed over it by reason of it being worn and loose," was erroneous, because it did not submit to the jury the case made by the pleadings, and because it required a less degree of proof than the allegations of plaintiff's petition required, and because it submitted to the jury that if the switch and appliances "were worn" and loose, they could therefore find same "defective," and because the instructions assumed that if the "said switch and appliances controlling it were worn and loose, it was therefore rendered defective." Swift v. Putkowski, 167 Ill. 161; Waddingham v. Hulett, 92 Mo. 535; Wilmot v. Railroad, 106 Mo. 535; Raglan v. Railroad, 144 Mo. 626; Collott v. Am. Mfg. Co., 71 Mo. App. 163.

*Taylor & Taylor* and *Johnson, Houts, Marlatt & Hawes* for respondent.

Vol 166 mo—41

(1)   This case having been once decided in this court, and this being the second appeal, only such questions will be noticed as were not determined on the previous decision; whatever was then passed upon is *res adjudicata* and no longer open to dispute or further controversy.   Chambers' Admr. v. Smith's Admr., 30 Mo. 158; Overall v. Ellis, 38 Mo. 209; Bank v. Taylor, 62 Mo. 339; Conroy v. Iron Works, 75 Mo. 652; Gwin v. Waggoner, 116 Mo. 151; Hickman v. Link, 116 Mo. 125; Carcy v. West, 65 S. W. 713.   (a) The question of "assumption of risk" by the plaintiff, of injury from the defective appliances, was carefully argued before this court in Division Two and at the hearing in banc and is definitely and finally decided by the opinion rendered in the case.   It should therefore be considered as the settled law of this case that the "plaintiff did not assume the risk."   Pauck v. St. L. D. B. & P. Co., 61 S. W. 808.   (b) On the former appeal the court carefully considered the evidence of negligence of the defendant company in the respects mentioned in the petition, and the casual connection of that negligence with the accident (Pauck v. St. L. D. B. & P. Co., 61 S. W. 806, l. c. 807), and finds that defendant was "therefore guilty of negligence in failing to remedy the defect."   The trial court could not, therefore, err in letting the question of defendant's negligence go to the jury, and defendant should not be heard to argue the question here.   (2)   Under the decision of this court on the former trial of this case and its decisions prior and subsequent thereto, there could be no "assumption of risk" of injury from defective appliances by the plaintiff in this case.   Blanton v. Dold, 109 Mo. 75; Settle v. Railroad, 127 Mo. 336; Pauck v. St. Louis Dressed B. & P. Co., 61 S. W. 806; Wendler v. People's House Fur. Co., 65 S. W. 737. (3)   There was ample evidence to sustain the allegations of the petition.   The question of defendant's negligence, and whether it was the cause of the accident, were questions for the jury.   (4)   The evidence showed that the plaintiff was

permanently injured and rendered incapable of physical labor; that he had suffered, was still suffering and likely to continue to suffer great pain.    There is absolutely nothing to indicate prejudice.    The verdict was a reasonable one under the evidence.    (5)    There was no error in admitting Goettling's testimony as to the condition of the rails at the time he left the defendant's employ.    Swadley v. Railroad, 118 Mo. 279.

BURGESS, J.—This is the second appeal in this case. When the case was here before, the judgment was reversed and the cause remanded for further trial (159 Mo. 467).    After the case was sent back to the court below, the venue was changed to the circuit court of Jefferson county, where upon a trial had to the court and a jury on May 15, 1901, plaintiff recovered a verdict and judgment in the sum of five thousand dollars, from which defendant, after unavailing motion to set the verdict aside and for a new trial, brings the case to this court by appeal for review.

The pleadings are substantially the same as when the case was here before, although after the reversal of the judgment and before the trial, defendant filed an amended answer.

The facts in so far as the plaintiff's case is concerned were about the same upon the last trial as upon the first. Defendant contends, however, that plaintiff failed to prove the case made by his petition, and that the court should have given the instruction asked by it in the nature of a demurrer to the evidence after it had all been introduced.  The contention is that there was no evidence to justify the finding of the jury that the particular switch where the accident occurred was out of order at the time of the accident, or that the accident was caused by any condition of the switches or tracks.

The case of Byrne v. Eastmans Company, Appellate Division, Reports of New York Supreme Court, 27 Hun 270, is relied upon by defendant as sustaining this contention, and

while the facts in that case and the case in hand are similar in many respects, in that case there were two men in charge of the switches whose duty it was to make the connection between the track on the floor and the track in the elevator, and to see that the track was complete when the elevator came in place. The accident was attributable to a broken wheel to which a hook was attached, upon which the beef was suspended that fell upon the plaintiff. The hook and wheel were adjusted by plaintiff's fellow-servants, and it was held that, "The fact that the hook and wheel were used when they should not have been, was entirely due to the negligence of the employee who selected this particular wheel for use upon this particular occasion in question, and that negligence was the negligence of a fellow-servant of the plaintiff, for which the defendant was not liable. The burden of proof is upon the plaintiff to show that the accident was caused by a neglect of a duty that the defendant owed to the plaintiff, and the evidence clearly established that the accident was caused by the negligence of a fellow-servant of the plaintiff for which the defendant was not liable."

It will thus be seen that the defendant in that case was held not to be liable for the injury, upon the ground that it was caused by the negligence of a fellow-servant, while in the case in hand there is no pretense that the injury was caused otherwise than by loose and defective machinery or appliances.

Whether or not the particular switch where the accident happened was out of order at the time or not, and whether or not plaintiff was guilty of contributory negligence, were, under all the facts, questions for the consideration of the jury.

In the former opinion we ruled that under the evidence as it then was, plaintiff did not assume the risk incident to the use of the machinery used by him, and whether or not he was guilty of such contributory negligence in remaining in defendant's employ after knowing of its condition as would bar his recovery, was, under the circumstance, a question of

fact to be submitted to the jury, and there was nothing dis-
closed upon the trial which would justify us in receding from
that ruling or to change our views with respect thereto.

A point is made on the action of the court in admitting
the testimony of one Goetling, a witness for plaintiff, as to
the condition of the switches three weeks before the accident,
which defendant asserts was prejudicial and introduced into
the case an issue not made by the pleadings, but we are unable
to concur in this view.   The evidence was clearly admissible
for the purpose of showing that defendant had notice of the
condition of the rail before the accident.   It was not neces-
sary that the witness should be able to testify to the condition
of the switch on the very day of the accident, but within a
reasonable time before the accident was competent.   It would
of course have been proper for defendant to show that the defect
had been removed before the accident happened.   [Swadley
v. Railroad, 118 Mo. 268.]

We are unable to appreciate the criticisms on the instruc-
tions, which seem to us to be substantially correct, and pre-
sented the case fairly to the jury.

It is claimed that the testimony as to the extent and na-
ture of plaintiff's injuries did not warrant the amount of
damages for which the verdict was rendered.   The injury
occurred on June 22, 1894, at which time plaintiff was about
forty years of age, and in robust health, never having been
sick but once in many years, when he was ill from chills and
fever for a short time.   The trial was in May, 1901, about
seven years after the injury.   Plaintiff's occupation was that
of a day laborer.   Both bones of his left leg were fractured
about two inches above the ankle joint, and from that time
up to the time of the trial he had not been able to work more
than a week at a time.   The leg broke out about a year after
the accident, and small pieces of bone came out.   The leg
continued to swell up and ulcerate, and after working pained
him severely.   It was one inch longer than the other and the

ankle joint on moving produced a harsh sound, called crepitation. Injury permanent. The verdict was approved by the trial court, and should not be interfered with unless manifestly the result of passion or prejudice. And "as there is no way, in so far as we are advised, by which it can be shown that a jury in making an excessive verdict were controlled by improper influences, it can only be inferred when such verdict is so out of line with reason and justice as to shock the conscience and to satisfy the unbiased mind that it is not the result of an impartial, unprejudiced deliberative body. To justify such an inference the facts and circumstances in proof ought not to justify any other contention" (Hollenbeck v. Railroad, 141 Mo. 97), and we do not think they do so in this case.

Finding no reversible error in the record, we affirm the judgment. All concur except *Sherwood, J.,* who dissents.